ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JUL 21 PM 12: 52

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| BOXER X, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 605-054 |
| | ) | |
| ERIC HEMPHILL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

As Plaintiff's § 1983 complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.[1]

Plaintiff is an inmate at Georgia State Prison ("GSP") in Reidsville, Georgia. According to the complaint, Plaintiff was transferred from Ware State Prison to GSP on November 16, 2004 because he had been implicated in an altercation with several other

---

[1]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $250.00 filing fee.

inmates at WSP. (Doc. no. 1, Stm. of Claim, ¶ 2). However, Plaintiff states that he was given no oral or written notice of any disciplinary charges prior to his transfer. (Id. ¶ 3). Upon his arrival at GSP, Plaintiff was placed in the Special Management Unit ("SMU"). (Id. ¶ 4).

Plaintiff asserts that on November 24, 2004, Defendant Sugg, a disciplinary investigator at GSP, came to his cell to conduct an investigation related to the altercation at WSP "as a favor" for WSP officials. (Id. ¶¶ 7-8). However, Defendant Sugg did not provide a copy of any written disciplinary charges; moreover, Defendant Sugg allegedly threatened Plaintiff into signing the disciplinary investigation papers by stating that he would withhold the services of an advocate if Plaintiff refused to sign the papers. (Id. ¶¶ 10-13).

Later that same day, Defendant Kennedy, a disciplinary advocate at GSP, came to Plaintiff's cell, but Plaintiff maintains that he did not bring a copy of the disciplinary charges with him. However, Defendant Kennedy told Plaintiff that he had been transferred from WSP because of his involvement in a fight and allegedly recommended that Plaintiff take a plea. (Id. ¶ 16). Defendant Kennedy also allegedly told Plaintiff that there was nothing he could do to help him because the title of an "advocate" is simply a "smoke-screen," and therefore Plaintiff maintains that Defendant Kennedy failed to provide the assistance necessary to present a defense to the disciplinary charges. (Id. ¶¶ 17-18).

Then, on November 29, 2004, Plaintiff maintains that Defendant Hemphill, a disciplinary hearing officer at GSP, came to Plaintiff's cell - without the advocate Plaintiff had requested - and conducted a sham hearing based on written charges that had been provided by WSP officials. (Id. ¶ 20). Plaintiff contends that later that day, he received a

2

final copy of a disciplinary report that stated Plaintiff had been found guilty of all charges (causing injury to an inmate, threatening with a weapon, verbally threatening, and failure to follow instructions), resulting in the imposition of a sanction of five years of disciplinary segregation in the SMU, 90 days of phone restriction, and a 360-day extension of his tentative parole month. (Id. ¶¶ 22-26). Plaintiff asserts that Defendant Hemphill improperly determined his guilt and imposed sanctions in violation of the requirements for conducting disciplinary proceedings.

According to Plaintiff, he utilized the disciplinary appeal process and successfully had his disciplinary report modified so that the charge of causing injury to an inmate was expunged. (Id. ¶ 32). Nevertheless, Plaintiff maintains that his security classification and resultant assignment to the SMU has not been changed. (Id. ¶¶ 33-34).

Liberally construing Plaintiff's allegations, the Court concludes that Plaintiff fails to state a claim that his equal protection rights have been violated by any of these three Defendants involved in conducting the challenged disciplinary proceedings. To state a valid equal protection claim, Plaintiff must allege that similarly situated persons were treated differently from him. See Arrington v. Dickerson, 915 F. Supp. 1503, 1510 (M.D. Ala. 1995) (failure to allege existence of similarly situated person subjects equal protection claim to Fed. R. Civ. P. 12(b)(6) dismissal); see also City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (requiring plaintiff to show that he was treated differently than similarly situated individuals to succeed on equal protection claim). Here, Plaintiff does not allege that other inmates similarly situated to him were treated differently. Rather, he simply repeats the mantra that his "due process and equal protection" rights were violated

3

when the challenged disciplinary proceedings were allegedly improperly conducted by the three Defendants. Moreover, Plaintiff has not alleged that any Defendant acted with a discriminatory intent toward him by allegedly failing to conduct disciplinary proceedings in accordance with the requirements for receiving written notice of the charges, receiving the assistance of an advocate if desired, and attending a disciplinary hearing. See Elston v. Talladega County Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir.1993) (requiring plaintiff to demonstrate that challenged action was motivated by an intent to discriminate in order to establish equal protection violation).

In sum, Plaintiff fails to state a claim for relief based on the allegations that his equal protection rights were violated.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's equal protection claims be **DISMISSED** from this case.[2]

SO REPORTED and RECOMMENDED this 2/_ day of July, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] By separate Order, the Court has directed that service of process be effected on Defendants Hemphill, Sugg, and Kennedy based on Plaintiff's allegations that his due process rights were violated.

4

# United States District Court
## *Southern District of Georgia*

BOXER X

)

vs ) CASE NUMBER CV605-54

ERIC HEMPHILL, et al. ) DIVISION STATESBORO

)

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 7/21/05, which is part of the official record of this case.

Date of Mailing: 7/21/05

Date of Certificate [X] same date, or _____

Scott L. Poff, Clerk

By: _____
Linda Flanders, Deputy Clerk

**Name and Address**

Boxer X, GDC191987, Ga. State Prison, 2164 Ga. Hwy. 147, Reidsville, Ga. 30499
Warden, Georgia State Prison, 2164 Ga. Hwy. 147, Reidsville, Ga. 30499

☐ Copy placed in Minutes
☐ Copy given to Judge
[X] Copy given to Magistrate