IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

"BOXER X,"                              )
                                        )
    a/k/a STANLEY FARLEY,           )
                                        )
    Plaintiff,                      )
                                        )
v.                                      ) CV 605-54
                                        )
ERIC HEMPHILL et al.,                   )
                                        )
    Defendants.                     )

---

**O R D E R**

---

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation is **ADOPTED** as the opinion of the Court, with the following clarification.

Plaintiff, a state prisoner, filed a complaint under Title 42, United States Code, Section 1983 alleging that deficiencies in his disciplinary proceedings, which resulted in his reassignment to a "hi-max" facility at Georgia State Prison, amounted to a deprivation of his Fourteenth Amendment procedural due process rights. According to plaintiff, defendants did not provide him either with notice of the disciplinary charges levied against him or with an adequate hearing. In his objections to the Magistrate Judge's recommendation, plaintiff cites Wolff v. McDonnell, 418 U.S. 539 (1974), for the proposition that he is entitled to

"advance written notice of the claimed violation." Id. at 556. The Magistrate Judge, relying on the Supreme Court's recent decision in Wilkinson v. Austin, 125 S. Ct. 2384 (2005), found that, notwithstanding plaintiff's claim that he did not receive written notice of his charges prior to his hearing, plaintiff did receive sufficient oral notice of his charges, had sufficient opportunity to rebut those charges to prison officials, and had multiple opportunities to appeal an adverse decision. The Magistrate Judge found such process sufficient to satisfy the standard set forth in Wilkinson. Report and Recommendation ("R&R") at 7.

Wilkinson, like the instant case, involved allegations of a deprivation of procedural due process in a disciplinary assignment to a maximum security prison. The Wilkinson Court distinguished Wolff, which involved proceedings "to revoke good time credits for specific, serious misbehavior" and thus required "more formal, adversary-type procedures." Id. at 2397.

> Where the inquiry draws more on the experience of prison administrators, and where the State's interest implicates the safety of other inmates and prison personnel, the informal, nonadversary procedures set forth in Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 99 S. Ct. 2100, 60 L.Ed.2d 668 (1979), and Hewitt v. Helms, 459 U.S. 460, 103 S. Ct. 864, 74 L.Ed.2d 675 (1983), provide the appropriate model.

Id. In Hewitt, the Supreme Court considered the procedural due process appropriate when a prisoner is placed in administrative segregation for security purposes. It concluded that

> an informal, nonadversary evidentiary review sufficient both for the decision that an inmate represents a security threat and the decision to confine an inmate to administrative segregation . . . . An inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation. Ordinarily a written statement by the inmate will accomplish this purpose, although prison administrators may find it more useful to permit oral presentations in cases where they believe a written

> statement would be ineffective. So long as this occurs, and the decisionmaker reviews the charges and then-available evidence against the prisoner, the Due Process Clase is satisfied.

Hewitt, 459 U.S. at 476.[1]

The Court finds this case analogous to Wilkinson, which involved the transfer of prisoners to an Ohio "supermax" facility for security purposes. While the Court assumes *arguendo*, albeit dubiously, at this stage that the conditions at Georgia State Prison's hi-max facility give rise to a liberty interest in avoiding those conditions,[2] the Court finds the informal, non-adversary procedures employed by Georgia State Prison officials sufficient to protect those liberty interests. Prison officials gave plaintiff some notice of the charges levied against him, they allowed plaintiff the opportunity to rebut those charges, and they provided a process through which plaintiff could appeal an adverse decision.[3] Wilkinson does not require more.[4]

---

[1] The Court in Greenholtz applied similar principles to consideration of the level of due process afforded prisoners being considered for release on parole. Greenholtz, 442 U.S. at 16. While the Supreme Court overruled Hewitt on other grounds in Sandin v. Conner, 515 U.S. 472 (1995), the Wilkinson Court makes clear that Hewitt's treatment of disciplinary procedural measures survives Sandin. Wilkinson, 125 S. Ct. at 2397.

[2] The Magistrate Judge expressed doubt as to whether the conditions at the hi-max facility in Georgia State Prison are sufficiently severe to give rise to a liberty interest protected by the Due Process Clause. R&R at 6. Information included in plaintiff's objection to the Report and Recommendation indicate that persons in hi-max confinement not only enjoy the same visitation rights afforded other inmates, but they also are allowed to watch television. Pl. Obj. ¶ 11. The confinement conditions do not appear to rise to the level of severity of those in the Ohio super-max facility in Wilkinson.

[3] Plaintiff, in fact, was successful in his administrative appeal.

[4] The Court is aware that the Eleventh Circuit has applied the Wolff standard in prison disciplinary proceedings as recently as its decision in Asad v. Crosby, 2005 WL 2993866, at *5 (11th Cir. Nov. 9, 2005). The Eleventh Circuit, however, has not had occasion to apply Wilkinson. Inasmuch as the procedural due process standards set forth in Wilkinson are considerably less rigorous than those announced in Wolff, the Court finds that cases involving prison disciplinary proceedings are properly considered under the more

3

For these reasons, and for the reasons set forth in the Magistrate Judge's Report and Recommendation, plaintiff's complaint is **DISMISSED** and this civil action is **CLOSED**.

SO ORDERED this 16 day of February, 2006.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

flexible, less stringent standards of <u>Wilkinson</u>. In any case, given the similarity between the facts of this case and the facts in <u>Wilkinson</u>, the Court here is compelled to follow the Supreme Court's guidance in <u>Wilkinson</u>.

4